Swink, adm'r, *vs.* Norwood.

SWINK, adm'r, *vs.* NORWOOD.

1. An entry on the record, that defendant appeared to a *scire fa-cias*, and knew of no cause why plaintiff should not recover, is equivalent to a confession of judgment.

Error to Jackson County court.

*Scire facias*, against an administrator.

This was a *scire facias*, to subject the intestate of the plaintiff on a bail bond.   The *scire facias* was admitted to be defective, but it was insisted that the record show-ed a confession of judgment.   The entry on the record, which it was supposed would have that effect, was as follows :

"Henry Norwood vs. Philip Swink, adm'r, &c.

"Came the plaintiff, by his attorney, and the defend-ant came into open court, in his own proper person, and says he knows of no just cause why the plaintiff may not recover his action against him as such administrator."

The court then, on motion of the plaintiff's attorney, proceeded to render judgment against the plaintiff in error.

*Hopkins*, for plaintiff in error.
*Robinson*, contra.

ORMOND, J.—In the case of Clemens vs. Johnson, (3 Stewart & Porter, 269,) which was a proceeding by *scire facias* against bail, as in this case,—the record disclosed that the "defendant withdrew his plea, and said nothing

in bar or preclusion of the plaintiff's action," and the court held that this was equivalent to a confession of judgment.

We cannot perceive any substantial distinction between that case and the present; if there be a difference, the case at bar is certainly stronger than that, as the plaintiff in error appeared in proper person, and admitted that he knew of no just cause why judgment should not be rendered against him. The implication, therefore, that he waived any defence he might have, and consented that judgment might be rendered against him, is much stronger in this case than in that. At all events, this case certainly comes within the principle of that decision, and the judgment must therefore be affirmed.